EMMA HOFFMAN, PETITIONER-APPELLANT, v. ALBERT O. KRAUSE, TRADING AS LESSER DRUG STORE, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1950—Decided June 2, 1950.

Before Judges MCGEEHAN, COLIE and EASTWOOD.

*Mr. Harry Tartalsky* argued the cause for the petitioner-appellant (*Messrs. O'Brien & Tartalsky,* attorneys).

*Mr. Seymour A. Smith* argued the cause for the respondent-respondent (*Messrs. Hein & Smith,* attorneys).

The opinion of the court was delivered by

EASTWOOD, J. A. D. The only issue is whether petitioner's decedent suffered a compensable accident. Both the Workmen's Compensation Bureau and the Bergen County Court dismissed her petition. Petitioner appeals from the judgment of the County Court.

Decedent, Carl F. Hoffman, had been in the employ of respondent as a pharmacist for approximately two and one-half years. At the time of his death he was fifty-six and had suffered from high blood pressure and hypertension since 1941.

It is clear from the testimony that Hoffman, in addition to performing the usual duties of a pharmacist, also shared with his employer the work of putting away stock; carrying

boxes and cases of merchandise almost daily from the store, where they had been delivered, either to the cellar or placing same on the shelves; cleaning up the store and other general duties. Boxes and cartons of merchandise were received almost daily, some of which were heavier than others. The lighter boxes and cartons weighed from "half pounds and small ones up to thirty-five" pounds. The heavier ones weighed from "15 to 25, up to 50 pounds" and came in twice a week.

On April 28, 1948, the day of his death, 40 to 50 cartons containing empty bottles, ranging in weight from ten pounds to thirty-five or forty pounds, were received and placed on the sidewalk, immediately adjacent to the sidewalk cellar door. Similar shipments were received twice a year. The decedent lifted these cartons singly, walked one or two paces to the cellar door, placed the carton upon a board slide over the cellar steps, thus precipitating the carton into the cellar, where the employer, Mr. Krause, received it and carried it to its storage repository. There was an interval of approximately one minute between the time Mr. Krause received each carton, put it away, and then indicated to Hoffman that he was ready for another. Hoffman was engaged in this work for about fifteen or twenty minutes when he complained of a headache. During that time he had handled only the lighter cartons weighing 15 to 20 pounds each. Mr. Krause suggested that he go inside and rest. Shortly thereafter, he was found in the bathroom in a state of collapse on the floor and died about 4:30 P. M. the same day.

Petitioner contends that "The injury did not occur in the performance of an everyday, routine task but in the performance of service on a twice-a-year, non-routine chore which imposed upon decedent an unusual strain and exertion causing the hemorrhage resulting in death." On the contrary, respondent contends that "the work being performed was of the usual routine every-day nature  *  *  *  there was no unusual strain or exertion." Petitioner's expert medical witnesses testified that Hoffman's death was causally related to

the unusual strain or effort in which he was engaged at the time of his collapse. On the contrary, respondent's medical experts testified that there was no such causal relationship and that his death was caused by arteriosclerosis and hypertension.

Dr. Henry R. Balze testified that he had been treating Hoffman since 1941 for high blood pressure and hypertension; that, in his opinion, his death was causally related to the accident, although he admitted that his conclusion that the decedent was subjected to an unusual strain or effort at the time he was seized, was based upon a comparison with his duties as a pharmacist. Dr. R. Barton Opitz, who testified as a medical expert for petitioner, made a similar comparison. Dr. Istevan A. Gasper, who performed an autopsy upon decedent, testified that at the time of decedent's death, he was suffering from "Arteriosclerosis, arteriosclerotic heart disease. That is what he had. And, in addition, all the coronary arteries of the heart were very markedly sclerosed, very markedly hardened, almost to the extreme degree;" that the "Cause of death was arteriosclerotic, hypertensive heart disease with vascular disease combined, and a rupture of one of the blood vessels of the brain causing acute hemorrhage and pressure upon the vital pons and medulla, and thereby killing the patient;" that the death was not causally related to the work in which he was engaged. The medical testimony was in accord that the death of a person in Hoffman's condition might occur without any particular effort, any particular time of the day or that it could happen at night during sleep.

The generally accepted rule is that disability suffered in the course of employment, arising from natural causes unrelated to an industrial mishap, is not compensable. To be compensable, it must be the proximate result of an accident within the statutory sense. *Ligenza v. White Foundry Co., Inc.,* 136 *N. J. L.* 436 (*Sup. Ct.* 1948); affirmed, 137 *N. J. L.* 610 (*E. & A.* 1948). The fact that the injury was suffered during the course of work does not *per se* entitle one to the benefits of that act. It must also appear that it arose out

of the employment. In *Seiken v. Todd Dry Dock, Inc.,* 2 *N. J.* 469 (1949), Mr. Justice Ackerson, speaking for the Supreme Court, stated:

"* * * There is a presumption that injury or death from heart disease is the result of natural physiological causes, the *onus* is upon the petitioner to prove by a preponderance of the probabilities that the employment was a contributing factor to the injury without which the accident would not have occurred. * * *"

The work in which the decedent here was engaged at the time in question was a part of the usual routine duty to which he was accustomed. There was no evidence of an unusual strain or exertion beyond the mere employment itself. In *Seiken v. Todd Dry Dock, Inc., supra,* it was further stated:

"The proposition advanced by petitioner was recently reviewed in the case of *Grassgreen v. Ridgeley Sportswear Mfg. Co., supra,* wherein it was held that in order to rebut the presumption that a heart ailment is due to natural causes, it is incumbent upon the claimant to produce evidence of an unusual strain or exertion beyond the mere employment itself to constitute an 'accident' within the meaning of the workmen's compensation law. In the *Lohndorf case, supra,* the court distinguished 'accident' from 'employment' and said 'to render an injury compensable there must be an event or happening beyond the mere employment itself, which brings about the final result or contributes thereto, and without which the injury or death would not have resulted. * * *'"

*Cf. Lohndorf v. Peper Bros. Paint Co.,* 134 *N. J. L.* 156, 159 (*Sup. Ct.* 1946); affirmed, 135 *N. J. L.* 352 (*E. & A.* 1947); *Grassgreen v. Ridgeley Sportswear Mfg. Co.,* 2 *N. J. Super.* 62 (*App. Div.* 1949); *Temple v. Storch Trucking Company,* 2 *N. J. Super.* 146 (*App. Div.* 1949); affirmed, 3 *N. J.* 42 (*Sup. Ct.* 1949).

The petitioner failed to bear the burden of establishing her claim by the requisite proof; therefore, the judgment of the Bergen County Court is affirmed.